849 F.2d 609
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlton L. OWENS, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 87-5997.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1988.
 
 Before ENGEL, Chief Judge, DAVID A. NELSON and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant Carlton L. Owens appeals from two orders of Judge Julia S. Gibbons of the United States District Court for the Western District of Tennessee Western Division dismissing his action brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2671 et seq.
 
 
 2
 Owens, a former federal employee at the Defense Logistics Agency in Memphis, Tennessee sustained back injuries at work during 1977 and 1978. Since he was no longer capable of continuing in his job, he was terminated and given temporary total disability benefits. However, the Department of Labor's Office of Workers' Compensation Programs (OWCP) terminated his benefits on June 24, 1978.
 
 
 3
 Owens then requested and received a hearing. The OWCP upheld the denial of benefits. However, the Employment Compensation Appeals Board (ECAB) remanded the case to the OWCP for further factual findings. After the OWCP reaffirmed the denial of benefits, the ECAB reversed the OWCP and ordered that benefits be restored. Owens did not begin to receive his benefits until December of 1985.
 
 
 4
 On August 22, 1986 Owens commenced this action in the district court, alleging that the United States had committed torts cognizable under the FTCA. His complaint stated that the United States was negligent in the processing of his claim; that it committed the state law torts of retaliatory discharge and outrageous conduct; and that it violated his right to due process of law.
 
 
 5
 The district court, in an order of partial dismissal on April 28, 1987, dismissed Owens' first three claims. The court held that his negligence claim was barred by the fact that the acts of the agents of the United States fell within the discretionary function exception to FTCA liability, as set out in United States v. S.A. Empressa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797 (1984). The court further held that Owens' state law claims were preempted by the elaborate protection afforded to discharged employees by civil service remedies.
 
 
 6
 The court dismissed Owens' remaining claim, based on a due process violation, in its opinion of August 26, 1987. The court held that the United States had not waived its sovereign immunity with respect to Owens' due process claim. Thus, the court held that it had no jurisdiction to hear the claim.
 
 
 7
 On appeal, Owens contends that (1) the government's motions to dismiss should have been treated as motions for summary judgment and, as such, should have been denied because of the existence of genuine issues of material fact; (2) the district court had subject matter jurisdiction over all of Owens' claims; (3) Owens' stated cognizable claims under the FTCA; (4) the district court erred in considering the discretionary function defense of the United States before hearing the merits of the case; and (5) neither the discretionary function defense not the exclusiveness of the civil service remedy preclude an FTCA suit for retaliatory discharge and outrageous conduct.
 
 
 8
 Upon a careful review of the briefs of the parties and of the record, we agree with the conclusion of United States District Judge Julia S. Gibbons as embodied in her two opinions filed in the district court on April 28, 1987 and August 26, 1987.
 
 
 9
 For the reasons stated therein, the judgment of the district court is AFFIRMED.